**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nada Abdlkreem Al Hirkani, | No. CV-20-01151-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Nada Abdlkreem Al Hirkani's Application for Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 19). Defendant SSA filed an Answering Brief (Doc. 20), and Plaintiff filed a Reply (Doc. 24). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 15) and affirms the Administrative Law Judge's ("ALJ") decision (AR at 20-31).

**I.      Background**

Plaintiff filed an Application for SSI benefits on October 27, 2016, alleging a disability beginning on February 1, 2016. (AR 20). Plaintiff's claim was initially denied on November 20, 2016, and upon reconsideration on July 10, 2017. (*Id*.) A hearing was held before ALJ Dante Alegre on April 4, 2019. (*Id.* at 37-61). Plaintiff was 46 years old at the time of the hearing, did not speak English fluently, and had not held relevant previous employment. (*Id.*) Plaintiff's Application was denied by the ALJ on July 17, 2019. (*Id.*

at 30). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of cervical spondylosis, degenerative disc disease of the lumbar spine, and obesity. (AR 23). While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, and thus was not disabled. (*Id.* at 25).

Plaintiff argues that the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of the consultive examiner, Lise LaBarre, M.D., and in improperly discounting her subjective symptom testimony. (Doc. 19). The Commissioner argues that the ALJ's opinion is free of harmful error and must be affirmed. (Doc. 20). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.     Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   Analysis

Plaintiff argues that the ALJ erred in failing to give specific and legitimate reasons for rejecting the opinion of the consultive examiner, Lise LaBarre, M.D., and in improperly discounting her subjective symptom testimony. (Doc. 19). Plaintiff contends her case should be remanded an award of benefits. (*Id.*) After reviewing the record, the parties' briefs, and applicable law, the decision of the Commissioner is affirmed.

**A.   The ALJ gave specific and legitimate reasons for giving little weight to the opinion of examining consultant Lise LaBarre, M.D.**

Plaintiff argues that the ALJ gave arbitrary reasons, rather than specific and legitimate ones, for giving little weight to the opinion of Dr. LaBarre.

The medical opinions of three types of medical sources are recognized in Social Security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1995). When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted). "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31. "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (*quoting Orn*, 495 F.3d at 633).

Here, Dr. LaBarre, an examining physician, conducted a physical examination of Plaintiff and provided an opinion that Plaintiff would be limited to sedentary work. (AR 510-517). Dr. LaBarre noted that Plaintiff was "visibly uncomfortable" and "very cautious" during the examination, making the examination difficult to perform and limiting the information that Dr. LaBarre was able to obtain. (*Id.* at 512). For instance, lumbar range of motion could not be tested as Plaintiff declined to bend forward or attempt to extend her muscles. (*Id.*) Dr. LaBarre struggled to assess Plaintiff's leg strength because she declined to elevate her leg off the chair and refused to use the exam table. Plaintiff also declined to squat and refused to raise her knee off the chair she was sitting on, stating

that it would cause back pain. (*Id.* at 513). However, when Plaintiff got up from the chair without assistance, Dr. LaBarre observed that her proximal muscle strength was probably within normal limits. (*Id.*) Moreover, while Plaintiff only allowed a small movement of her hips, Dr. LaBarre noted there was "no tenderness at the hip joint." (*Id.*) And while Plaintiff took short careful strides, Dr. LaBarre observed her "walking with normal dorsiflexion of the ankle," with no foot drop, and with tandem gait. (*Id.*) Plaintiff did not use an assistive device to walk.

Notwithstanding the difficulties noted in examining Plaintiff fully, Dr. LaBarre opined that Plaintiff would be limited to sedentary work, limiting Plaintiff to less than four hours of sitting and less than four hours of standing in an eight-hour workday. (*Id.* at 516). The ALJ gave this opinion little weight.

The ALJ determined that Dr. LaBarre's sedentary limitation conflicted with dozens of medical records in evidence noting normal muscle strength, sensation, and gait. (*Id.* at 28; citing AR 302, 387, 393, 402, 424, 484, 490, 523, 530, 534, 538, 541, 542, 545, 564, 651, 655, 659, 663, 670, 671, 675, 680, 685, 691, 785-87, 810, and 825). The ALJ also discussed the numerous treatment reports detailing Plaintiff's successful pain improvement with medications, varying from 50 to 90 percent pain improvement reported in the various records. (*Id.*; citing AR 531, 535, 537, 540, 542, 544, and 546). Based on these dozens of medical records, the ALJ decided to give little weight to Dr. LaBarre's opinion. Contrary to Plaintiff's arguments, the ALJ did not simply determine that Plaintiff was malingering as a basis to discount this opinion. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ thereafter gave great weight to the opinions of Terry Ostrowski, M.D., and Erika Wavak, M.D., state medical consultants, finding that their opinions were consistent with the medical evidence of record. The Court finds that the ALJ did not err in so doing. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are

consistent with independent clinical findings or other evidence in the record."). In limiting Plaintiff to light work, the ALJ correctly noted that no treating physician opined to a greater limitation than the one assigned. (*Id.* at 28).

Plaintiff also argues, and the Court does note, that it was not appropriate for the ALJ to state that the Plaintiff was uncooperative during the examination with Dr. LaBarre. In noting that Plaintiff declined to participate in several tests with Dr. LaBarre, the ALJ stated that Plaintiff "appeared uncooperative with testing during the examination." (AR 28). However, Dr. LaBarre stated that Plaintiff seemed "uncomfortable" not "uncooperative." (AR 512). While the Court finds that this statement—if it were the sole basis for limiting Dr. LaBarre's opinion—might have constituted harmful error, it was not the sole basis the ALJ used to limit Dr. LaBarre's opinion. Therefore, the Court finds that any error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[S]everal of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

**B.  The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff argues that the ALJ did not give legitimate and convincing reasons supported by substantial evidence for discounting her subjective symptom testimony. (Doc. 19). The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of her symptoms. (Doc. 20 at 14-21).

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's

subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff testified that her back pain prevented her from lifting more than four to five pounds, sitting for more than ten minutes, or standing for more than five or seven minutes, and she claimed she could only walk up to 60 yards. (AR 26). Plaintiff also stated that her prescribed medication made her dizzy and sleepy. (*Id.* at 27). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including her own statements and testimony regarding her activities of daily living. (*Id.* at 26-28).

The ALJ set forth multiple specific reasons supported by substantial evidence for discounting some of Plaintiff's subjective symptom statements. (*Id.*) The ALJ discussed numerous treatment notes showing marked improvement with medications, including up to 90 percent pain improvement with Amitriptyline and Oxycodone. (*Id.* at 27). The only medication side effect Plaintiff reported to her physicians was constipation, which was successfully treated with over-the-counter medication. (*Id.*) The ALJ noted that there was no evidence in the medical record that Plaintiff experienced dizziness or sleepiness from her medications as alleged in her testimony. (*Id.*)

The ALJ also noted that Plaintiff took care of her personal hygiene, cleaned her house, did laundry, drove her car, shopped, and prepared meals, all on a routine basis. (AR 27). Plaintiff also cared for her children regularly, drove them to and from school, and enjoyed taking them to the movie theater. (*Id.*) The ALJ also noted Plaintiff's six-week trip to Iraq to visit family. The ALJ found that her ability to travel to Iraq and back to visit

with relatives implies a lesser severity of impairments than alleged. (*Id.* at 28). And, while Plaintiff argues that it was harmful error for the ALJ to use her travel abroad to question the severity of her symptoms, numerous decisions from the Ninth Circuit hold otherwise. *See Romanelli v. Astrue*, 267 Fed. Appx. 722, 724 (9th Cir. 2008) ("ALJ reasonably concluded that Ms. Romanelli's claimed limitation of being unable to stand for more than fifteen minutes at a time was inconsistent with her testimony about her physical activities such as traveling around the United Kingdom for two weeks"); *Wennet v. Saul*, 777 Fed. Appx. 875, 877 (9th Cir. 2018) (discounting symptom testimony where claimant travelled to New York and Italy); *Sadeeq v. Colvin*, 607 Fed. Appx. 629, 631 (9th Cir. 2015) ("ALJ did not err by concluding that Sadeeq's trip to Mecca for a pilgrimage suggested that the alleged symptoms and limitations may have been overstated.").

The ALJ included a thorough discussion of the evidence of record that the ALJ felt contradicted Plaintiff's testimony. Based on the above, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the medical evidence. The ALJ properly concluded that the examinations in the medical record did not support Plaintiff's claims of disabling limitations, and therefore, properly found that her subjective symptom testimony was not persuasive. *See Thomas*, 278 F.3d at 954 ("[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). The Court finds that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 488–89.

**IV.  Conclusion**

The Court finds that substantial evidence supports the ALJ's nondisability determination. The ALJ properly considered the medical evidence of record and properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 15th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge